**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**William Michael ROHRER, Jr. Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 31, 1998.

Filed Nov. 9, 1998.

James J. Karl, Chief Public Defender, Lancaster, for appellant.

Mary E. McDaniel, Asst. Dist. Atty., Lancaster, for the Com.

Before POPOVICH, J., and MONTEMURO *, Senior Judge, and CIRILLO, President Judge Emeritus.

---

* Retired Justice assigned to Superior Court.

MONTEMURO, Senior Judge:

Appellant, William Rohrer, Jr., appeals from the March 16, 1998 Order of the Lancaster County Court of Common Pleas which modified his 6 to 23 month sentence by imposing restitution. For the reasons set forth below, we reverse.

Appellant was arrested after he drove a stolen vehicle over an embankment to avoid pursuing police, and then attempted to flee on foot. When apprehended, Appellant smelled of alcohol and failed field sobriety tests; he refused submission to breathalyzer analysis. On November 11, 1997, he entered an open plea to driving under the influence, receiving stolen property, fleeing and eluding the police, and various summary offenses. On the same day, Appellant was sentenced to three concurrent terms of 6 to 23 months imprisonment in addition to a $300 fine and other costs. The issue of restitution was not raised by any party at the time of sentencing. Appellant's sentence was amended three days later on November 14, 1997 to include a provision which allowed Appellant to be paroled without petition on the condition that all fines and costs are paid prior to his release.

Three and a half months later, on February 27, 1998, the Commonwealth filed a Motion to Amend Sentence, requesting that the court amend Appellant's sentence to include an order of restitution in the amount of $2455.60; this amount reflects an estimate of the damage sustained by the victim's vehicle when Appellant drove it over the embankment. Appellant responded, arguing that the motion was untimely, and, therefore, the court was without jurisdiction to amend his sentence.[1] We agree.

According to Rule of Criminal Procedure 1410, "[a] written post-sentence motion to reconsider sentence must be filed no later than ten days after imposition of sentence.... 'The failure to do so waives any complaint concerning sentence that does not involve the lawfulness of the sentence itself.'"[2] *Commonwealth v. Magnum*, 439 Pa.Super. 616, 654 A.2d 1146, 1148 (Pa.Super.1995)(quoting *Commonwealth v. Koziel*, 289 Pa.Super. 22, 432 A.2d 1031 (Pa.Super.1981)).

Notwithstanding the procedures outlined in Rule 1410, a court may, *sua sponte*, modify or rescind a prior order pursuant to section 5505 of the Judicial Code:

---

1. Appellant also claims that the modification of his sentence beyond the 30–day appeal period is a violation of his federal constitutional right of protection against double jeopardy. However, Appellant fails to include any pertinent constitutional discussion and even neglects to provide the text of the U.S. Constitutional Amendment which he claims was violated. We refuse to act as appellate counsel and formulate arguments for the litigants. As a result, we find this issue waived. *See* Pa.R.A.P. 2119(f); *Commonwealth v. Genovese*, 450 Pa.Super. 105, 675 A.2d 331, 334 (Pa.Super.1996) (stating that arguments not properly developed on appeal are waived); *Commonwealth v. Homoki*, 423 Pa.Super. 320, 621 A.2d 136, 140 (Pa.Super.), *appeal denied*, 535 Pa. 675, 636 A.2d 634 (1993) (holding Superior Court will not reach constitutional issue unless it is specifically before the Court and its resolution is absolutely necessary to the decision of the case).

2. Although the 1993 amendments to Pa. R.Crim.P. 1410 relating to post-sentence procedures have, in part, abrogated this proscription as to the preservation of issues by defendants, the amendments did not address or alter the Commonwealth's right to appeal.

   While inapplicable to the instant matter, it is interesting to note that Pa.R.Crim.P. 1411, a new post-sentence procedure rule, became effective January 1, 1998. This Rule, which was enacted in response to the 1993 amendments to Rule 1410, clarifies the procedure governing Commonwealth challenges to sentences. Pursuant to Rule 1411, the Commonwealth may challenge a sentence in three ways: by filing a motion to modify the sentence; by filing an appeal on a preserved issue; or by filing a motion to modify the sentence followed by an appeal. Pa. R.Crim.P. 1411(A)(1).

   However, nothing in this Rule alters the well established timing provisions governing motions to modify and direct appeals: the Commonwealth's motion to modify must be filed no later than 10 days after the imposition of sentence; and an appeal of the sentence must be filed within 30 days of the entry of the order disposing of the defendant's post-sentence motion or, if no motion was filed by the defendant, within 30 days of the entry of an order imposing sentence. *Id.* at 1411(B)(1), (2)(a)(i)-(ii). Thus, even if Rule 1411 were applicable to the instant action, the result would remain the same since the Commonwealth failed to file either a timely motion to modify Appellant's sentence or a timely direct appeal with this Court.

Except as otherwise provided or proscribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

42 Pa.C.S.A. § 5505. Once this 30–day period has expired, however, the trial court is without jurisdiction to alter or modify its order. *Commonwealth v. Smith*, 451 Pa.Super. 192, 678 A.2d 1206, 1208 (1996). We note, however, that the time constraint imposed by section 5505 does not affect the inherent powers of the court to modify a sentence in order to "amend records, to correct mistakes of court officers or counsel's inadvertences, or to supply defects or omissions in the record...." *Commonwealth v. Quinlan*, 433 Pa.Super. 111, 639 A.2d 1235, 1239 (1994). Therefore, where the mistake is patent and obvious, the court has the power to correct it even though the 30–day appeal period has expired. *Commonwealth v. Wesley*, 455 Pa.Super. 343, 688 A.2d 201, 203 (1997).

In the instant matter, the Commonwealth claims that pursuant to Crimes Code section 1106(c), restitution is mandatory in cases such as this involving property damage. Therefore, it is argued, the court's failure to impose restitution at the time of sentencing rendered Appellant's sentence illegal; this is so despite the Commonwealth's failure to request an order of restitution at the sentencing hearing. The Commonwealth contends, however, that the court through its March 16, 1997 modification order properly remedied this illegality.

We reject this argument as meritless, since it relies upon an improper and convoluted interpretation of section 1106, which defies the plain language of the restitution statute.

Section 1106 provides, in pertinent part:

**Restitution for injuries to person or property**

(a) **General rule.** – Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, or wherein the victim suffered personal injury directly resulting from the crime, the offender *may* be sentenced to make restitution in addition to the punishment prescribed therefor.

\* \* \* \*

(c) **Mandatory restitution.** –

(1) The court *shall* order full restitution:

(i) Regardless of the current financial resources of the defendant, so as to provide the victim with the fullest compensation for the loss....

18 Pa.C.S.A. § 1106(a), (c)(1)(i)(emphasis added).

Contrary to the Commonwealth's argument, the imposition of restitution for property damage is not mandatory. Aside from the possibility that such an interpretation may render section 1106 unconstitutional, the Commonwealth's interpretation of subsection (c) directly contradicts the language of the general rule contained in subsection (a), which suggests that the imposition of restitution is a matter vested within the discretion of the sentencing court. Reading the subsections together so as to give meaning to both, we conclude that the statute clearly provides for the discretionary imposition of restitution; however, once restitution is ordered, this discretion ceases, and the court is required to fully compensate the victim for his or her loss without regard to the defendant's ability to pay. *See Commonwealth v. Shotwell*, 717 A.2d 1039, 1045 (Pa.Super.1998) ("Whenever restitution has been ordered pursuant to Section 1106, the court is required under statute to order full restitution regardless of the current financial resources of the offender.").

Thus, we reject the Commonwealth's interpretation of section 1106(c) as mandating the imposition of restitution in the instant case. We also reject its contention that the failure to file a timely motion to modify sentence is excused due to the illegality of Appellant's sentence since this argument is based upon the erroneous supposition that

the failure of the sentencing court to impose restitution rendered Appellant's sentence illegal. Restitution is not mandated by section 1106(c), therefore Appellant's sentence is not illegal, and, as a result, the Commonwealth was required to file a timely post-sentence motion challenging the sentence. Its failure to do so results in a waiver of this claim regarding Appellant's sentence.

In addition, we note that the instant matter does not involve a mere clerical error, mistake, defect or inadvertence. Rather, the Commonwealth's motion to amend Appellant's sentence is a belated attempt to impose an order of restitution which it neglected to request at the original sentencing hearing. Appellant should not bear the burden of the Commonwealth's carelessness.

Therefore, because the sentencing court was without jurisdiction to entertain the Commonwealth's untimely motion to amend Appellant's sentence and subsequently enter an order imposing restitution, the order must be vacated.

Order vacated.