801 A.2d 1254 (2002)
COMMONWEALTH of Pennsylvania, Appellee
v.
Robert DINOIA, Appellant.
Superior Court of Pennsylvania.
Argued May 15, 2002.
Filed June 19, 2002.
Vanessa L. Bellino, Doylestown, for appellant.
*1255 Stephen B. Harris, Assistant District Attorney, Doylestown, for Com., appellee.
Before: KLEIN, BENDER and MONTEMURO,[*] JJ.
KLEIN, J.
¶ 1 We are presented with the question of whether, in sentences imposed after the 1998 amendments to 18 Pa.C.S.A. § 1106, the sentencing court is required to specify the amount of restitution at the time of sentencing. In this case, the sentencing court left the amount of restitution open. Apparently this is a common practice in Bucks County. A hearing at which the amount of restitution was set was not held until eighteen months after sentencing. Whether or not it is a common practice, we conclude that after the 1998 amendments, this practice is improper and a sentencing court may not leave the amount of restitution open for determination at a later date. Therefore, we vacate the trial court's November 1, 2001 order imposing restitution in the amount of $3,280.78.
¶ 2 On May 12, 2000, appellant Robert Dinoia pled guilty to numerous charges, including criminal trespass, theft by unlawful taking, receiving stolen property, and unauthorized use of an automobile. That same day, Judge Kenneth G. Biehn sentenced Dinoia to six to twenty-three months' imprisonment, followed by two years of probation. Judge Biehn ordered Dinoia to pay restitution, but at the Commonwealth's request left the amount of restitution open at that time. As Judge Biehn states in his opinion, this is apparently a common practice in Bucks County.
¶ 3 Dinoia was paroled on July 24, 2000. On January 4, 2001, eight months after sentencing, the district attorney filed a petition to establish the amount of restitution. On January 22, 2001, a praecipe for a parole hearing was filed and, on February 27, 2001, a petition for revocation of parole was filed. On March 12, 2001, Judge Biehn determined that Dinoia had violated parole. Dinoia's probation was revoked and he was sentenced to back time plus five years' new probation.
¶ 4 On April 2, 2001, eleven months after sentencing, another trial judge, Judge Rea Boylan Thomas, ordered partial restitution to one of the victims ($29.46 to Jim McGinnis). On April 9, 2001, Dinoia filed a motion to reconsider and modify sentence and, on April 30, 2001, Judge Biehn, the original sentencing judge, denied Dinoia's petition for reconsideration. At that time, Judge Biehn ordered that the amount of restitution be determined.
¶ 5 On August 15, 2001, Dinoia petitioned for parole. Judge Biehn denied this request on September 6, 2001, but granted immediate work release. It was not until November 1, 2001, eighteen months after Judge Biehn ordered restitution, that a third trial judge, Judge Ward F. Clark, presided over the hearing on the outstanding restitution issues. At that time, Dinoia objected to the court's jurisdiction based on 18 Pa.C.S.A. § 1106(c), stating that the Commonwealth did not make a recommendation to the court at or prior to sentencing, nor did it file a post-sentence motion within ten days of sentence or file a petition within the thirty days for filing an appeal. See N.T., Restitution Hearing, 11/1/01. The court heard argument on the issue, took testimony with respect to restitution, and, at the conclusion of the hearing, ordered Dinoia to pay restitution in the amount of $3,287.78 to another victim whose car Dinoia had broken into and whose laptop he had stolen.
*1256 ¶ 6 Both parties cite Commonwealth v. Rohrer, 719 A.2d 1078 (Pa.Super.1998) as controlling the outcome of this appeal. Dinoia contends that Rohrer, as well as the 1998 statute, 18 Pa.C.S.A. § 1106, precludes the court from determining the restitution amount eighteen months after sentencing. Dinoia argues that the Commonwealth is required to submit its specific request for restitution at or prior to the time of sentencing, in this case May 12, 2000. At the time of the May 12, 2000 sentencing, the Commonwealth requested that restitution remain open; the Commonwealth did not present testimony on the amount of restitution that should be ordered until November 1, 2001.
¶ 7 The Commonwealth also relies on Rohrer and contends that this case supports its argument that Dinoia waived any objection to this procedure. The Commonwealth argues that it was Dinoia's responsibility to raise the issue in his post-sentence motion, which he failed to do. See Pa.R.Crim.P. 720, formerly Pa. R.Crim.P. 1410. The Commonwealth also argues that we engage in statutory construction.
¶ 8 We find meritless the Commonwealth's attempt to circumvent a statutory mandate and illegal sentence with a claim of waiver. We also find the language of the statute, as amended, is clear and therefore we need not pursue statutory construction. The statute plainly requires the determination of the amount of restitution, if ordered, at the time of sentencing.
¶ 9 First, we point out that the Rohrer decision interpreted section 1106 prior to the 1998 amendment. Rohrer was decided on November 9, 1998; the statute was amended on December 3, 1998. See 18 Pa.C.S.A. § 1106(c)(2), amended 1998, Dec. 3, P.L. 933, No. 121 § 1, imd. effective. Further, Rohrer interpreted subsection (c)(1), not (c)(2) and (c)(4), the subsections on which Dinoia relies and which are relevant here. Additionally, the legislature has clearly expressed its intent, and we therefore refrain from engaging in statutory construction. See Ramich v. W.C.A.B. (Schatz Electric, Inc.), 564 Pa.656, 770 A.2d 318 (2001).
¶ 10 Act 1998-121, which amended section 1106 of the Crimes Code, added the first sentence to subsection (c)(2), reads:
§ 1106. Restitution for injuries to person or property

****
At the time of sentencing the court shall specify the amount and method of restitution. In determining the amount and method of restitution, the court:
(i) Shall consider the extent of injury suffered by the victim, the victim's request for restitution as presented to the district attorney in accordance with paragraph (4) and such other matters as it deems appropriate.
(ii) May order restitution in a lump sum, by monthly installments or according to such other schedule as it deems just.
(iii) Shall not order incarceration of a defendant for failure to pay restitution if the failure results from the offender's inability to pay.
(iv) Shall consider any other preexisting orders imposed on the defendant, including, but not limited to, orders imposed under this title or any other title.
18 Pa.C.S.A. § 1106(c)(2), amended 1998, Dec. 3, P.L. 933, No. 121 § 1, imd. effective (emphasis added). The amendment also added subsection (c)(4), which states:
(i) It shall be the responsibility of the district attorneys of the respective counties to make a recommendation to the court at or prior to the time of sentencing as to the amount of restitution to be ordered.
*1257 18 Pa.C.S.A. § 1106(c)(4), amended 1998, Dec. 3, P.L. 933, No. 121 § 1, imd. effective (emphasis added). Act 1998-121 imposed upon the court the requirement that if restitution is ordered, the amount must be determined at the time of sentencing, 18 Pa.C.S.A. § 1106(c)(2). It also placed upon the Commonwealth the requirement that it provide the court with its recommendation of the restitution amount at or prior to the time of sentencing. 18 Pa. C.S.A. § 1106(c)(4). Although the statute provides for amendment or modification of restitution "at any time," 18 Pa.C.S.A. § 1106(c)(3), the modification refers to an order "made pursuant to paragraph (2)..." Id. Thus, the statute mandates an initial determination of the amount of restitution at sentencing. This provides the defendant with certainty as to his sentence, and at the same time allows for subsequent modification, if necessary. See 18 Pa.C.S.A. § 1106(c)(3); cf. 42 Pa. C.S.A. § 5505 ("Except as otherwise provided or proscribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.").[1]
¶ 11 Finally, we find the Commonwealth's claim of waiver meritless. A failure to file post-sentence motions or object at the time of sentencing does not relieve the court or the Commonwealth of its obligations to comply with the statutory requirements of sentencing. Inquiry into the legality of sentence is a non-waivable matter. Commonwealth v. Passarelli, 789 A.2d 708 (Pa.Super.2001); Commonwealth v. Kisner, 736 A.2d 672 (Pa.Super.1999). It is only after the Commonwealth has made its recommendation to the court, and the sentencing court has specified a restitution amount, is the court empowered to make a modification thereto. 18 Pa.C.S.A. § 1106(c)(3). Here, notwithstanding the modification section of the restitution statute, id., the sentencing court was without jurisdiction to consider the Commonwealth's restitution request. 42 Pa.C.S.A. § 5505. The customary practice in the counties does not prevail over statute.
¶ 12 Order vacated.
NOTES
[*] Retired Justice assigned to the Superior Court.
[1] An order of restitution is a sentence, whether it is imposed as a direct sentence or as a condition of probation. Commonwealth v. Fuqua, 267 Pa.Super. 504, 407 A.2d 24 (1979). The trial court must determine the loss or damage the defendant has caused, what amount of restitution he can afford to pay and how he should pay it. The trial court may not delegate these obligations to any agency, such as the Office of Probation and Parole. Commonwealth v. Erb, 286 Pa.Super. 65, 428 A.2d 574 (1981).