J. A27006/14

NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| KENNETH JACKSON, | : | No. 1785 WDA 2012 |
| | : | |
| Appellant | : | |

Appeal from the Order Entered February 27, 2012,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0002589-2002

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN AND MUSMANNO, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JANUARY 09, 2015**

Appellant appeals from the order entered pursuant to a petition brought under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Finding no error, we affirm.

Preliminarily, we observe that the PCRA court vacated appellant's original sentence and then re-imposed an identical sentence.  Appellant treats this appeal as direct from a new judgment of sentence.  We do not regard it as such.  The court's purpose in entering the new sentence was simply to make an administrative correction to the original sentence which had transposed the criminal information count numbers for one count of forgery and one count of theft by deception.[1]  We note that the trial court

---

[1] The transposition and its correction upon collateral review were of no moment because identical sentences were imposed at each count.

may always correct obvious errors in its sentence, even after the statutorily imposed 30-day modification limit has expired:

> Trial courts have the power to alter or modify a criminal sentence within thirty days after entry, if no appeal is taken. 42 Pa.C.S.A. § 5505; ***Commonwealth v. Quinlan***, 433 Pa.Super. 111, 639 A.2d 1235, 1238 (1994). Generally, once the thirty-day period is over, the trial court loses the power to alter its orders. ***Quinlan***, 639 A.2d at 1238. When an appeal is taken, the trial court has no jurisdiction to modify its sentence. ***Id.*** We note, however, that the time constraint imposed by section 5505 does not affect the inherent powers of the court to modify a sentence in order to "amend records, to correct mistakes of court officers or counsel's inadvertencies, or to supply defects or omissions in the record . . . ." ***Id.***, at 1239. Therefore, where the mistake is patent and obvious, the court has the power to correct it even though the 30-day appeal period has expired. ***Commonwealth v. Rohrer***, 719 A.2d 1078, 1080 (Pa.Super.1998).

***Commonwealth v. Walters***, 814 A.2d 253, 255-256 (Pa.Super. 2002), ***appeal denied***, 831 A.2d 599 (Pa. 2003).

Thus, the "new" sentence was merely a ministerial correction of an obvious error in the original sentence. By simply correcting the sentence and taking no further action, the PCRA court effectively denied all of appellant's PCRA claims. Consequently, we regard this appeal as being taken from the order of February 27, 2012, operating as a denial of the PCRA petition, rather than operating as from a new judgment of sentence.

The charges against appellant arose following the December 18, 2001 discovery of the remains of appellant's uncle in a garage behind appellant's

house. The cause of death was blunt force injury, and appellant subsequently confessed to the homicide. Appellant also cashed his uncle's Social Security checks and used his uncle's identification papers in doing so. Charges against appellant were brought at three separate criminal informations. At docket number CP-02-CR 0001068-2002, appellant was charged with criminal homicide. At docket number CP-02-CR 0002589-2002, appellant was charged with one count of abuse of a corpse, one count of access device fraud, two counts of theft by deception, 16 counts of forgery, one count of theft by unlawful taking or disposition, and five counts of identity theft. At docket number CP-02-CR 0003968-2002, appellant was charged with one count of theft by deception.

During appellant's jury trial, appellant and the Commonwealth came to a plea agreement. Appellant subsequently pleaded guilty to third degree murder, one count of abuse of a corpse, two counts of theft by deception, two counts of forgery, and one count of identity theft. The Commonwealth agreed to **nolle pros** all other charges. The plea agreement also required that the sentence that would be imposed would be within the Sentencing Guidelines:

> THE COURT: There is also an agreement here, as I understand, that we would order a presentence report.
>
> [Defense Counsel]: Yes, Your Honor.
>
> THE COURT: And sentencing, any sentencing would be within the sentencing guidelines as promulgated

> by the sentencing commission of the Commonwealth of Pennsylvania; is that right?
>
> [Defense Counsel]: Yes, Your Honor.
>
> [Assistant District Attorney]: Yes, sir.
>
> THE COURT: Do you understand that, as well, sir?
>
> THE DEFENDANT: Yes, sir.

Notes of testimony, 4/19-22/04 at 371-372.[2]

On July 19, 2004, the trial court imposed its sentence. As to docket number CP-02-CR 0001068-2002, pertaining to third degree murder, appellant was sentenced to 20 to 40 years' imprisonment. As to docket number CP-02-CR 0002589-2002, pertaining to two counts of theft by deception, two counts of forgery, and one count of identity theft, appellant was sentenced to five consecutive counts of 2½ to 5 years' imprisonment, which were also imposed consecutively to the murder sentence, for an aggregate term of 32½ to 65 years' imprisonment. No sentence was imposed as to the abuse of a corpse conviction. A post-sentence motion for reconsideration of sentence was denied on December 2, 2004.

---

[2] We note that at another point, the assistant district attorney states that there is no agreement as to sentencing. (Notes of testimony, 4/19-22/04 at 367.) However, the quoted language is the only instance in which both parties, as well as the trial court, concur as to the understanding as to sentencing. There is also an indication in the record that a written plea agreement exists, but it has not been included in the official record on appeal, and we are unable to use it to potentially clarify this matter.

On June 23, 2006, this court affirmed the judgment of sentence, and on January 3, 2007, our supreme court denied appeal. *Commonwealth v. Jackson*, 905 A.2d 1044 (Pa.Super. 2006) (unpublished memorandum), *appeal denied*, 916 A.2d 631 (Pa. 2007).

On May 29, 2007, appellant timely filed the instant PCRA petition *pro se*. Counsel was appointed and on October 24, 2008, an amended petition was filed. A hearing was held on December 1, 2011. As noted, on February 27, 2012, the PCRA court vacated appellant's original judgment of sentence and re-imposed an identical sentence, except for the administrative correction. On March 7, 2012, appellant filed a motion for reconsideration of sentence. On October 23, 2012, this motion was denied. Appellant filed his notice of appeal on November 15, 2012.[3]

Appellant raises the following issues on appeal:

1. WHETHER THE PCRA COURT ERRED IN RE-IMPOSING A SENTENCE WHICH IS ILLEGAL AS IT VIOLATES THE TERMS OF THE PLEA AGREEMENT REACHED BY THE PARTIES AND EXPRESSLY ACCEPTED BY THE TRIAL COURT DURING THE ORIGINAL PLEA PROCEEDING?

2. WHETHER THE PCRA COURT ERRED IN IMPOSING A SENTENCE WHICH IS AN ABUSE OF DISCRETION AND/OR MANIFESTLY EXCESSIVE BECAUSE THE RE-IMPOSED SENTENCES ON FIVE (5) COUNTS WERE

---

[3] Although we are treating this appeal as being taken from the order of February 27, 2012, operating as a denial of PCRA relief, we will consider the November 15, 2012 notice of appeal as timely because of the confusion occasioned by the imposition of a "new" sentence and the filing of the motion for reconsideration.

> JURISDICTIONAL MAXIMUMS RUN CONSECUTIVELY, WERE ALSO RUN CONSECUTIVELY TO THE THIRD DEGREE MURDER STATUTORY MAXIMUM OF TWENTY (20) TO FORTY (40) YEARS, AND WERE OTHERWISE EXCESSIVE?
>
> 3. WHETHER THE PCRA COURT ERRED IN FINDING THAT TRIAL COUNSEL WAS EFFECTIVE DURING VOIR DIRE, TRIAL, PLEA PROCEEDINGS AND ORIGINAL SENTENCING DESPITE REPREATEDLY [sic] STATING THAT HE WAS UNABLE TO PROVIDE EFFECTIVE REPRESENTATION?
>
> 4. WHETHER THE PCRA COURT ERRED WHEN IT UPHELD ITS REFUSAL TO APPOINT COUNSEL TO REPRESENT MR. JACKSON AT THE ORIGINAL SENTENCING?

Appellant's brief at 6.

Our standard of review for an order denying post-conviction relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. **Commonwealth v. Franklin**, 990 A.2d 795, 797 (Pa.Super. 2010). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Id.**

Moreover, as some of appellant's issues on appeal involve ineffective assistance of counsel, we also note that appellant is required to make the following showing in order to succeed with such a claim: (1) that the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) that, but for the

errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. ***Commonwealth v. Rivera***, 10 A.3d 1276, 1279 (Pa.Super. 2010). The failure to satisfy any prong of this test will cause the entire claim to fail. ***Commonwealth v. Daniels***, 947 A.2d 795, 798 (Pa.Super. 2008). Finally, counsel is presumed to be effective, and appellant has the burden of proving otherwise. ***Commonwealth v. Pond***, 846 A.2d 699, 708 (Pa.Super. 2003).

In appellant's first argument, he asserts that the sentence re-imposed by the PCRA court is illegal because it exceeds the sentence promised to appellant by his plea bargain, which was a sentence within the Sentencing Guidelines.[4] Appellant has waived this issue.

We acknowledge that challenges to an illegal sentence can never be waived. ***Commonwealth v. Tanner***, 61 A.3d 1043, 1046 (Pa.Super. 2013). However, as the Commonwealth correctly counters, a claim that a defendant did not receive the sentence promised in a plea bargain does not implicate the legality of the sentence and may be waived by failing to raise it

---

[4] Appellant cannot challenge his sentence for third degree murder on this basis. First, although appellant's PCRA petition was filed as to all three of his trial court docket numbers, his notice of appeal was filed only to docket number CP-02-CR 0002589-2002, which pertained to his convictions other than third degree murder. Second, the sentence appellant received for third degree murder, 20 to 40 years (240 to 480 months), was within the standard range of the Sentencing Guidelines. With appellant's prior record score of 4, the Sentencing Guidelines indicate a minimum sentence in the range of 168-240 months. Appellant's minimum sentence was within this range.

on direct appeal. ***Commonwealth v. Berry***, 877 A.2d 479, 482-484 (Pa.Super. 2005), ***appeal denied***, 917 A.2d 844 (Pa. 2007). Therefore, since appellant did not raise this issue on direct appeal, it is now waived.

Of course, appellant could have insulated himself from this waiver by arguing in his PCRA petition that direct appeal counsel was ineffective in failing to challenge the discretionary aspects of his sentence on this basis on direct appeal. Appellant's PCRA petition did raise a claim that direct appeal counsel was ineffective in failing to challenge the discretionary aspects of his sentence on direct appeal, but the basis stated was that appellant's sentences were imposed beyond the Sentencing Guidelines and imposed consecutively. However, the petition did not assert that direct appeal counsel was ineffective in failing to raise the discretionary aspects of sentence on direct appeal on the basis that the sentences were in violation of the plea bargain.[5] Consequently, appellant has waived his first argument.

In his second argument, appellant argues that his sentence is excessive because it was imposed outside the Sentencing Guidelines, because it was imposed consecutively, and because the court failed to

---

[5] At the PCRA hearing, counsel obliquely approached this argument when he commented to the court that the court had stated that it would sentence appellant within the guidelines. (Notes of testimony, 12/1/11 at 16.) However, counsel never argued that appellant's sentence violated his plea bargain.

provide a contemporaneous written statement of its reasons for deviating from the Guidelines.[6]  We disagree.

First, to the extent that appellant argues that the court failed to consider various relevant sentencing factors, we find no merit:

> Where pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.  A pre-sentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed.  This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion.  It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

---

[6] Appellant directly raises the discretionary aspects of his sentence, and his brief includes a concise statement of reasons for allowance of appeal as to the discretionary aspects of his sentence.  As previously noted, we do not regard the re-sentencing of appellant by the PCRA court as a new sentence to be accorded another direct review; rather, we regard that re-sentencing as an administrative correction, and the present appeal as being from the denial of PCRA relief.  Consequently, the discretionary aspects of sentence are not presently cognizable. ***Commonwealth v. Wrecks***, 934 A.2d 1287, 1289 (Pa.Super. 2007) (relief with respect to discretionary aspects of sentence not cognizable in PCRA proceedings).  Again, however, because of possible confusion as to whether a new judgment of sentence was being appealed, we will review this issue as a cognizable claim of direct appeal counsel's ineffectiveness, as it was raised in the PCRA petition.

*Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988). Prior to sentencing, the trial court noted on the record that it had the benefit of a presentence report. (Notes of testimony, 7/19/04 at 12.) Therefore, any argument appellant raises in this regard is rebutted by *Devers*.

As for the consecutive nature of appellant's individual sentences, direct appeal counsel cannot be found to be ineffective for failing to raise that issue on appeal. The discretionary aspects of sentence are not automatically reviewable. *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa.Super. 2014). An appellant must first demonstrate that his issue raises a substantial question that his sentence is not appropriate under the Sentencing Code. *Id.* at 1265-1266. Generally, "the imposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court, and a challenge to the imposition of consecutive sentences simply does not raise a substantial question." *Commonwealth v. Lloyd*, 878 A.2d 867, 873 (Pa.Super. 2005), *appeal denied*, 887 A.2d 1240 (Pa. 2005). Although this court has recognized that in the most extreme cases consecutive sentencing can raise a substantial question, the instant sentence is plainly not an extreme situation.[7] Thus, if direct appeal

---

[7] *See Commonwealth v. Dodge*, 77 A.3d 1263, 1270-1271 (Pa.Super. 2013), *appeal denied*, 91 A.3d 161 (Pa. 2014). In *Dodge*, this court found that a substantial question existed where a virtual life sentence was created by imposing consecutive sentences on numerous non-violent property crimes. While appellant also argues he is effectively facing a life sentence, the vast majority of that sentence is attributable to a murder conviction.

counsel had raised this matter, no substantial question would have been found, and appellant would not have been granted relief. Consequently, counsel cannot be found to have been ineffective in failing to bring this challenge to appellant's sentence.

As for appellant's sentence being imposed beyond the Sentencing Guidelines, appellant cites *Commonwealth v. Guth*, 735 A.2d 709 (Pa.Super. 1999), *appeal denied*, 743 A.2d 915 (Pa. 1999), for the proposition, "that an appeal from the discretionary aspects of a sentence will be allowed where a defendant alleges that his sentence is outside the guidelines and unreasonable." *Guth*, 735 A.2d at 711, citing *Commonwealth v. Gibson*, 716 A.2d 1275, 1276 (Pa.Super. 1998). Nonetheless, while appellant raises a substantial question as to this aspect of his sentence, we find that his sentence is not an abuse of discretion. As part of his plea bargain, the Commonwealth agreed to *nolle pros* approximately two dozen similar offenses. Moreover, appellant committed a murder to effectuate these crimes. Under these circumstances, we find that the court below properly imposed sentences that exceeded the Sentencing Guidelines. Counsel cannot be found ineffective in failing to pursue a meritless claim. *Commonwealth v. Charleston*, 94 A.3d 1012, 1024 (Pa.Super. 2014).

Finally, as for appellant's sentence being improper because the sentencing court failed to provide a contemporaneous written statement of

its reasons for deviating from the Guidelines, we disagree. We first note that the contemporaneous written statement requirement is met when the judge states his reasons for the sentence on the record and in the defendant's presence. *Commonwealth v. Antidormi*, 84 A.3d 736, 760 (Pa.Super. 2014), *appeal denied*, 95 A.3d 275 (Pa. 2014). At sentencing, the court stated, "[a]ccordingly, the court having the benefit of the presentence report and the horrendous facts of this case, the following sentence is imposed." (Notes of testimony, 7/19/04 at 30.) Additionally, for each of appellant's sentences, on the Guideline Sentence Forms contained in the record, in the space marked "Reasons for Sentence," the court wrote, "Multiple Cases including Criminal Homicide Murder in Third Degree Continues [sic] Criminal Acts." This indicates to us that the court imposed these sentences because appellant committed multiple offenses on a continuing basis and that they were directly facilitated by the commission of a murder. While somewhat spare in nature, we find the reasons are sufficient to support the imposition of sentences beyond the Sentencing Guidelines. Accordingly, we find no ineffectiveness in direct appeal counsel not raising this matter on appeal.

In his third issue, appellant presents a general claim of trial counsel's ineffectiveness predicated upon trial counsel's ongoing efforts to be permitted to withdraw from the case because of continuing conflict with appellant. In doing so, however, appellant fails to indicate any particular

instance or way in which his trial attorney failed him. Appellant quotes an exchange in which his trial counsel explains that appellant's mother was supposed to supply him with a witness list, but repeatedly failed to do so. If appellant is claiming that counsel's ineffectiveness resulted in the failure to call certain witnesses, he has failed to meet his burden. In order to prove such a claim, the appellant must show the following:

> There are two requirements for relief on an ineffectiveness claim for a failure to present witness testimony. The first requirement is procedural. The PCRA requires that, to be entitled to an evidentiary hearing, a petitioner must include in his PCRA petition "a signed certification as to each intended witness stating the witness's name, address, date of birth and substance of testimony." 42 Pa.C.S.A. § 9545(d)(1); Pa.R.Crim.P. 902(A)(15). The second requirement is substantive. Specifically, when raising a claim for the failure to call a potential witness, to obtain relief, a petitioner must establish that: (1) the witness existed; (2) the witness was available; (3) counsel was informed or should have known of the existence of the witness; (4) the witness was prepared to cooperate and would have testified on defendant's behalf; and (5) the absence of such testimony prejudiced him and denied him a fair trial. **Commonwealth v. Carson**, 559 Pa. 460, 741 A.2d 686, 707 (1999)

**Commonwealth v. Reid**, 99 A.3d 427, 438 (Pa. 2014). Appellant does not identify any witness that could have been called, nor does he indicate what, if any, potential testimony could have been adduced. Appellant has completely failed to meet his burden if he is claiming that counsel was ineffective in failing to call certain witnesses.

Finally, in summation, appellant attributes his allegedly harsh sentence to his counsel's ineffectiveness, but we simply do not see the connection. Appellant has presented nothing but a boilerplate claim of counsel's ineffectiveness that we find wholly unconvincing. Boilerplate claims will not satisfy appellant's obligation to show ineffective assistance of counsel. **Commonwealth v. Sneed**, 45 A.3d 1096, 1106 (Pa. 2012). We find no ineffectiveness on this basis.

In his last issue, appellant claims that the PCRA court erred in not finding that the trial court erred in permitting counsel to withdraw immediately before appellant was sentenced and in failing to appoint new counsel. First, this issue could have been raised on direct appeal and is waived for failing to do so. Second, even if couched in terms of direct appeal counsel's ineffectiveness, there is no merit. We see no error in permitting counsel to withdraw at that juncture. The court was well aware of the ongoing conflict between appellant and his counsel. Immediately prior to trial, the court engaged in a **Grazier** colloquy with appellant to determine if appellant wanted to proceed **pro se**.[8] (Notes of testimony, 4/19-22/04 at 46-52.) At that time, appellant indicated that he wanted to proceed with counsel. At sentencing, however, appellant's conflict with counsel again erupted, leading the court to properly conclude that appellant did not wish to be represented by appointed counsel any longer. (Notes of

---

[8] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

testimony, 7/19/04 at 13-15.)  Since the court had previously engaged in a *Grazier* colloquy with appellant, we see no error in permitting him to proceed ***pro se***.  Thus, there was no ineffectiveness on the part of direct appeal counsel in failing to raise this issue.

Accordingly, having found no merit in the issues raised on appeal, we will affirm the order below.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/9/2015