J-S43040-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| MALAKI ADONIS FARRELL | |
| Appellee | No. 1717 MDA 2015 |

Appeal from the Judgment of Sentence June 11, 2015
In the Court of Common Pleas of York County
Civil Division at No(s): CP-67-CR-0001278-2015

BEFORE:  GANTMAN, P.J., PANELLA, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED MAY 17, 2016**

The Commonwealth appeals from the judgment of sentence entered in the York County Court of Common Pleas, following Appellee Malaki Adonis Farrell's negotiated guilty plea to receiving stolen property, fleeing or attempting to elude police officer, possession of a controlled substance, and drivers required to be licensed.[1]  We affirm.

The relevant facts and procedural history of this appeal are as follows. On June 11, 2015, Appellee pleaded guilty to the aforementioned crimes relating to his involvement with a stolen 2012 Nissan on February 10, 2015. The trial court sentenced Appellee, according to the terms of the negotiated plea, to concurrent sentences of one (1) to three (3) years' incarceration for

---

[1] 18 Pa.C.S. § 3925(a), 75 Pa.C.S. § 3733(a), 35 P.S. § 780-113(a)(16), and 75 Pa.C.S. § 1501(a), respectively.

receiving stolen property, one (1) to three (3) years' incarceration for fleeing or attempting to elude police officers, and six (6) to twelve (12) months' incarceration for possession of a controlled substance. Additionally, Appellee was fined $200.00 for driving without a license.

On June 22, 2015, the Commonwealth filed a motion to modify sentence to include restitution.[2] On October 5, 2015, the court conducted a hearing on restitution. The court denied the Commonwealth's motion to include restitution the next day. On October 7, 2015, the Commonwealth filed a notice of appeal. On October 14, 2015, the court ordered the Commonwealth to file a concise statement of errors complained of upon appeal pursuant to Pa.R.A.P. 1925(b), and it timely complied on October 26, 2015.

The Commonwealth raises the following issue for our review:

> RESTITUTION IS PART OF A CRIMINAL SENTENCE AND CAN BE IMPOSED THROUGH POST-SENTENCE MOTIONS. FOLLOWING [APPELLEE'S] PLEA AND SENTENCING, THE COMMONWEALTH RECEIVED INFORMATION THAT RESTITUTION WAS OWED TO ONE OF THE VICTIMS. THE COMMONWEALTH FILED A TIMELY POST-SENTENCE MOTION ASKING THE TRIAL COURT TO IMPOSE RESTITUTION AS PART OF [APPELLEE'S] SENTENCE. DID THE TRIAL COURT ERR IN REFUSING TO ORDER RESTITUTION?

---

[2] Because June 21, 2015 fell on a Sunday, the Commonwealth's post-sentence motion was timely filed. *See* 1 Pa.C.S. § 1908 (when computing the 30-day filing period, "[if] the last day of any such period shall fall on Saturday or Sunday… such day shall be omitted from the computation.").

Commonwealth's Brief at 4.

The Commonwealth argues the court should have granted its post-sentence motion to modify sentence by imposing restitution because it was timely. It claims the court erred by denying the motion and concludes this Court should reverse the order denying its post-sentence motion and remand the case to the trial court for a full restitution hearing. We disagree.

"[T]he imposition of restitution for property damage is not mandatory." **Commonwealth v. Rohrer**, 719 A.2d 1078, 1080 (Pa.Super.1998). Rather, "[t]he imposition of restitution is within the sound discretion of the sentencing court and must be supported by the record." **Commonwealth v. Keenan**, 853 A.2d 381, 382-83 (Pa.Super.2004). Accordingly, in this case, the Commonwealth challenges the discretionary aspects of Appellee's sentence.

Challenges to the discretionary aspects of sentencing do not entitle a petitioner to review as of right. **Commonwealth v. Allen**, 24 A.3d 1058, 1064 (Pa.Super.2011). Before this Court can address such a discretionary challenge, an appellant must invoke this Court's jurisdiction by satisfying the following four-part test:

> (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Id.*

Here, the Commonwealth filed a timely post-sentence motion and a timely notice of appeal. The Commonwealth, however, failed to include a Pa.R.A.P. 2119(f) statement in its brief and failed to raise a substantial question that the sentence appealed from is not appropriate under the sentencing code. The Commonwealth, therefore failed to invoke this Court's jurisdiction. *See Allen, supra.*

Even if the Commonwealth had invoked this Court's jurisdiction, its issue would merit no relief.

The following statute governs restitution:

> **§ 1106. Restitution for injuries to person or property**
>
> **(a) General rule.--**Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, or wherein the victim suffered personal injury directly resulting from the crime, the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.
>
> \* \* \*
>
> **(c) Mandatory restitution.--**
>
> \* \* \*
>
> (2) *At the time of sentencing the court shall specify the amount and method of restitution*. In determining the amount and method of restitution, the court:
>
> > (i) Shall consider the extent of injury suffered by the victim, the victim's request for restitution as presented to the district attorney in accordance with paragraph (4) and such other matters as it deems appropriate.

(ii) May order restitution in a lump sum, by monthly installments or according to such other schedule as it deems just.

(iii) Shall not order incarceration of a defendant for failure to pay restitution if the failure results from the offender's inability to pay.

(iv) Shall consider any other preexisting orders imposed on the defendant, including, but not limited to, orders imposed under this title or any other title.

(3) **The court may, at any time** or upon the recommendation of the district attorney that is based on information received from the victim and the probation section of the county or other agent designated by the county commissioners of the county with the approval of the president judge to collect restitution, **alter or amend any order of restitution made pursuant to paragraph (2)**, provided, however, that the court states its reasons and conclusions as a matter of record for any change or amendment to any previous order.

(4) (i) It shall be the **responsibility of the district attorneys** of the respective counties to **make a recommendation** to the court **at or prior to the time of sentencing** as to the amount of restitution to be ordered. This recommendation shall be based upon information solicited by the district attorney and received from the victim.

(ii) Where the district attorney has solicited information from the victims as provided in subparagraph (i) and has received no response, the district attorney shall, based on other available information, make a recommendation to the court for restitution.

(iii) The district attorney may, as appropriate, recommend to the court that the restitution order be altered or amended as provided in paragraph (3).

18 Pa.C.S. § 1106 (emphasis added).

Act 1998-121 imposed upon the court the requirement that if restitution is ordered, the amount must be **determined at the time of sentencing**, 18 [Pa.C.S.] §

1106(c)(2). It also placed upon the Commonwealth the requirement that it provide the court with its recommendation of the restitution amount **at or prior to the time of sentencing**. 18 [Pa.C.S.] § 1106(c)(4). Although the statute provides for amendment or modification of restitution "at any time," 18 [Pa.C.S.] § 1106(c)(3), the modification refers to an order "made pursuant to paragraph (2)..." **Id.** Thus, the statute mandates an initial determination of the amount of restitution at sentencing. This provides the defendant with certainty as to his sentence, and at the same time allows for subsequent modification, if necessary. *See* 18 [Pa.C.S.] § 1106(c)(3); **cf.** [42 Pa.C.S.] § 5505 ("Except as otherwise provided or proscribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.").

**Commonwealth v. Dinoia**, 801 A.2d 1254, 1256-57 (Pa.Super.2002).

Here, the trial court sentenced Appellee on June 11, 2015, pursuant to a negotiated plea agreement. On June 22, 2015, the Commonwealth filed a motion to modify sentence to include restitution. The district attorney did not make a recommendation to the court at or prior to the time of sentencing as to the amount of restitution to be ordered, and the trial court did not specify the amount and method of restitution at the time of sentencing. Although the Commonwealth baldly asserts that restitution "can be imposed through post-sentence motions,"[3] it cites no case law, nor does

---

[3] Commonwealth's Brief at 4.

any exist, to support this proposition.[4]  Section 1106 specifically provides that it is the district attorney's responsibility to make a recommendation as to the amount of restitution to be ordered "at or prior to the time of sentencing."  18 Pa.C.S. § 1106(c)(4)(i).  The trial court's decision to deny the Commonwealth's motion to modify sentence to include restitution that it did not impose during sentencing was not error.[5]

Judgment of sentence affirmed.

Judge Panella joins in the memorandum.

President Judge Gantman concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/17/2016

_____

[4] Further, although the Commonwealth claims its challenge is to the legality of Appellee's sentence, it provides no authority that the failure to impose restitution at sentencing constitutes an illegal sentence.

[5] This decision does not preclude the victim from seeking monetary damages from Appellee in a civil action filed within the applicable statute of limitations.